UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*, | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER DENYING KULPREET KHANUJA'S MOTION SEEKING A RULING THAT PERSONAL EARN ASSETS ARE NOT PROPERTY OF THE DEBTORS' ESTATES

Pending before the Court is the motion (the "Motion," ECF Doc. # 1816) of Kulpreet Khanuja ("Khanuja"), a Celsius Earn Account Holder,[1] seeking a ruling that his Earn Assets are not property of the bankruptcy estates of the above-captioned debtors and debtors in possession ("Debtors" or "Celsius"). Khanuja further seeks a ruling that his Earn Assets will be treated the same as assets in "Custody" accounts on the Debtors' platform with respect to, for example, preference and seniority under Bankruptcy Code or ownership decisions by this Court.

Khanuja has been an Account Holder since February 2019. (Motion, at 1.) He therefore signed up for a Celsius account by agreeing to the first version of the Debtors' terms of use, effective from February 1, 2018 to March 4, 2020. (*See* "Terms Affidavit." ECF Doc. # 393, ¶ 6.) Khanuja makes several arguments in support of the Motion, including that (1) Earn Assets belong to Account Holders because he paid taxes on the interest earned on his deposited assets (Motion, at 2); (2) Earn Assets were "loaned" to the Debtors by Account Holders, which indicates that title and ownership did not transfer to Celsius (*Id.* at 3); (3) the use of "loan" throughout Celsius's terms of use creates an ambiguity that should be construed against Celsius

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in the Memorandum Opinion and Order Regarding Ownership of Earn Account Assets (the "Earn Opinion," ECF Doc. # 1822).

and in favor of Account Holders (*Id.*); (4) the terms of use provide Account Holders the right to withdraw their digital assets at any time and obligate Celsius to return these assets, which indicates that ownership remained with Account Holders (*Id.* at 21); (5) updates and modifications to Celsius's terms of use were obfuscated and any clauses that materially impacted asset ownership were not expressly or conspicuously disclosed by the Debtors (*Id.* at 22); (6) Celsius's former Chief Executive Officer, Alexander Mashinsky, and other executives publicly stated in videos and on Twitter that Account Holders retained full ownership of their assets (*Id.*); (7) Celsius's terms of use constituted an unconscionable contract and is therefore unenforceable (*Id.* at 25); and (8) Khanuja attempted to withdraw assets in April and May 2022 and was prevented from doing so, possibly intentionally, by Celsius's platform and employees (*Id.* at 31).

On January 4, 2022, the Court entered the *Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* (the "Earn Opinion," ECF Doc. # 1822). The Debtors filed an objection the Motion, arguing that the Court's Earn Opinion address Khanuja's arguments. (*See* "Debtors' Omnibus Objection," ECF Doc. # 1872, at 10–11.) For example, the Debtors assert that the Earn Opinion found that Celsius's Terms of Use were unambiguous, and therefore it is improper to consider extrinsic evidence such as Khanuja's tax documents. (*Id.* at 11.)

For the reasons discussed in the Earn Opinion, as an Earn Account holder, the assets in Khanuja's accounts are property of Celsius's bankruptcy estates. All but one of Khanuja's arguments make broad claims that apply to many, if not all, Earn Account Holders, and the Earn Opinion address each contention in detail. For example, the Earn Opinion held that the use of the term "loan" in Celsius's terms of use does not contradict a transfer of ownership of cryptocurrency assets to Celsius. (*See* Earn Opinion, at 39.[2]) Consistent with the Earn Opinion,

---

[2] (*See also id.* at 42 ("To read the Terms of Use such that "loan" overrides the unequivocal language transferring title and ownership of assets deposited into Earn Accounts to Celsius would be to read the Transfer of

Account Holders did not retain ownership of Earn Assets, but rather possessed a contractual right to have those assets returned by Celsius upon a request to withdraw assets.

This Court also concluded in the Earn Opinion that updates to Celsius's terms of use were valid modifications to the contract between the Debtors and Account Holders. (*Id.* at 38; *see also id.* at 33 ("The Court empathizes with the frustrations Account Holders may feel if they did not read or understand the specific terms of the Terms of Use. Frankly, though, the rules provide needed certainty and predictability required for modern commerce in the digital era. The law in the Second Circuit is clear that clickwrap contracts such as the Terms of Use are valid and binding.")

With respect to Khanuja's claims that Alexander Mashinsky's statements either misled Account Holders or indicate that Account Holders retained title to Earn Assets, and that the contract governed by the terms of use is unconscionable, the Court noted that it takes allegations such as these seriously. (*Id.* at 43.) Nonetheless, the Court concluded that these claims, which may (or may not) have merit, are reserved for the claims resolution process. (*Id.*).

In contrast to these general claims that broadly apply to Earn Account Holders, Khanuja also argues that his individual circumstances create a colorable claim for a breach of contract action against the Debtors because he attempted to and should have been able to withdraw his assets before Celsius's "Pause" and ultimate bankruptcy. (Motion, at 30.) He argues, therefore, that the Earn Assets in his account that he attempted to withdraw are owned by him. Consistent with the Court's Earn Opinion and *Order Denying Kwok Mei Po's Motion Seeking a Ruling of*

---

Title Clause out of the contract entirely. As the Committee notes, "it is a bedrock principle of contract interpretation that courts should not adopt an interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless, but rather, to the extent possible, should seek to read contractual provisions in harmony.").)

3

*Full Ownership of Funds* (ECF Doc. # 1833), any claim that Celsius breached its contract with Khanuja would not affect the ownership of cryptocurrency deposited in Khanuja's account. As the Earn Opinion explains, the cryptocurrency deposited in Earn Accounts became property of Celsius. If Khanuja believes he has compensable claims against Celsius (beyond the amount on deposit in his accounts) based on Celsius's failure to return funds upon his withdrawal demand, he can file a proof of claim and assert such claims in the claims-allowance process. But the cryptocurrency in Khanuja's Earn Accounts was and remains property of the estate.

Accordingly, Khanuja's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 25 2023
New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge

4